# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

TRAVIS KNAUFF,

|  |  |  |  |
|---|---|---|---|
| | Petitioner, | : | Case No. 1:15-cv-338 |
| - vs - | | | District Judge Michael R. Barrett |
| | | | Magistrate Judge Michael R. Merz |

MARK HOOKS, Warden,
 Ross Correctional Institution,

                                                                          :

Respondent.

## DECISION AND ORDER DENYING MOTION FOR DISCOVERY

This habeas corpus case is before the Court on Petitioner's Motion to Grant Leave for the Discovery of New Evidence (ECF No. 14) which Respondent opposes (ECF No. 17). Petitioner has not filed a reply in support and the time for doing do under S. D. Ohio Civ. R. 7.2 has expired.

The material sought by Petitioner is summarized by Respondent's counsel as follows:

1.      All discovery from the underlying criminal case.

2.      The Indictment in the underlying criminal case.

3.      All proceedings from the state court records including transcripts of audio or video whether or not used by either party.

4.      "All documentation, audio or video, and/or written of Jerrlyn Younts['] Affidavit."

5.      A response by Respondent to the question "whether or not the state has secured directly or indirectly any evidence by virtue of any arrest, search, or seizure, by any law enforcement

officer or private individual."

6.      A sworn response by the prosecuting attorney of Adams County, Ohio, to the question

"whether any evidence was acquired by state of [sic] federal officials directly or indirectly as a

result of the execution of any criminal process, and if it be answered in the affirmative, then the

state be ordered to produce for inspection and copy said process relief upon to secure said

evidence."

7.      Release by the Adams County Sheriff of "all written statements and voice recordings

brought in by defendant on 3/18/2009 in violation of protection order or consent agreement by

Alisha Knauff in which, recording and written statement a vital part of defense that was not

introduced into the court records for the jury to review and have knowledge of."

8.      That the Adams County prosecutor produce for examination "all evidence concerning

blood, semen, hair fiber, DNA, controlled substances, other stains or documents, photographs,

objects, as well as the results of any tests thereon

(Quoted from ECF No. 17, PageID 1268-69.)

Petitioner does not relate his Motion to the Rule Governing § 2254 Cases.  Instead, he

argues he needs this new evidence to present a defense to the charges in this case (ECF No. 14).

In making that argument, Mr. Knauff misconceives of the purpose of habeas corpus proceedings.

Habeas corpus courts are not empowered to re-try state criminal cases, but only to grant relief if

the state conviction was obtained by unconstitutional means.

A habeas petitioner is not entitled to discovery as a matter of course, but only upon a fact-

specific showing of good cause and in the Court's exercise of discretion.  Rule 6(a), Rules

Governing § 2254 Cases; *Bracy v. Gramley*, 520 U.S. 899 (1997); *Harris v. Nelson*, 394 U.S.

286 (1969); *Byrd v. Collins*, 209 F.3d 486, 515-16 (6th Cir. 2000).  Before determining whether discovery is warranted, the Court must first identify the essential elements of the claim on which discovery is sought.  *Bracy*, 520 U.S. at 904, *citing United States v. Armstrong*, 517 U.S. 456, 468 (1996).  The burden of demonstrating the materiality of the information requested is on the moving party.  *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001), *cert. denied,* 537 U.S. 831 (2002), *citing Murphy v. Johnson,* 205 F.3d 809, 813-15 (5th Cir. 2000).  "Even in a death penalty case, 'bald assertions and conclusory allegations do not provide sufficient ground to warrant requiring the state to respond to discovery or require an evidentiary hearing.'" *Bowling v. Parker*, 344 F.3d 487, 512 (6th Cir. 2003), *cert. denied,* 543 U.S. 842 (2004), *quoting Stanford*, 266 F.3d at 460.

Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Williams v. Bagley,* 380 F.3d 932, 974 (6th Cir. 2004), *cert. denied,* 544 U.S. 1003 (2005), *citing Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Williams,* 380 F.3d at 974*, citing Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994).

Petitioner does not relate his discovery requests to any one of his Grounds for Relief and thus has not satisfied the standard adopted by the Supreme Court in *Bracy*.  Moreover, as the title of the Motion implies, Petitioner seeks to obtain "new" evidence – evidence not presented at trial.  However, as Respondent points out, this Court is limited to the state court record insofar as Petitioner's claims relate to decisions made by the state courts.  *Cullen v. Pinholster,* 563 U.S. 170 (2011).

Petitioner's Motion for Discovery is therefore DENIED.

May 3, 2016.

s/ *Michael R. Merz*

Michael R. Merz
United States Magistrate Judge